# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: October 16, 2017

| | | |
|---|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | * | UNPUBLISHED |
| ROBERT BOYER, | * | |
| | * | |
| Petitioner, | * | No. 15-1160V |
| v. | * | |
| | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; Reasonable |
| | * | Hourly Rates; Overhead Office Costs. |
| Respondent. | * | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, Massachusetts, for petitioner.
Adriana Ruth Teitel, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION**[1]

On October 9, 2015, Robert Boyer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that as a result of the influenza vaccination he received on October 19, 2012, he suffered from ischemic optic neuropathy. Petition at 1. On May 18, 2017, the undersigned issued a decision based on the parties' stipulation awarding compensation to petitioner in the amount of $160,000.00. Decision dated May 18, 2017 (ECF No. 42).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

On August 24, 2017, petitioner filed a motion for attorneys' fees and costs, requesting a total of $31,040.54, including $22,221.10 in attorneys' fees for his counsel, Conway Homer, P.C., $8,419.44 in attorneys' costs, and $400.00 in petitioner's costs. Petitioner's Application ("Pet. App.") dated August 24, 2017 (ECF No. 47) at 2. On September 9, 2017, respondent filed a general response to petitioner's motion for fees and costs, leaving the amount of the award to the undersigned's discretion. Respondent's Response ("Resp. Res.") dated September 6, 2017 (ECF No. 49) at 2. Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards a total of $29,516.99 in attorneys' fees and costs and $400.00 in petitioner's costs.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1).

#### a. **Reasonable Attorneys' Fees**

##### i. **Hourly Rate**

It appears from the billing records that Ms. Christina Ciampolillo acted as the lead attorney in this case. However, petitioners also request compensation for other attorneys at the firm, including Joseph Pepper, Lauren Faga, Meredith Daniels, and Ronald Homer, as well as for law clerks and paralegals. The undersigned has reviewed each person's hourly billing rates and finds that they are in accordance with the Office of Special Masters' Fee Schedules for 2015 and 2016-2017.[3] The undersigned finds the hourly rates charged reasonable and does not reduce petitioner's application for them.

##### ii. **Time Billed**

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate for excessive and duplicative billing, specifically with regard to intra-office communication. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

---

3  The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Hourly Rate Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Human Serv., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Serv., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Mostovoy, No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together).

The undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative. At least five attorneys worked on petitioners' case, including Ronald Homer, Christina Ciampolilo, Lauren Faga, Meredith Daniels, and Joseph Pepper, as well as law clerks. See Pet. App., Tab A. Petitioners have not provided a sufficient explanation as to why the involvement of this many attorneys and law students in a single case is necessary. The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case and have found that the reviewing of documents by multiple attorneys leads to excessive billing. See Lord, 2016 WL 3960445, at *7; Cozart v. Sec'y of Health & Human Servs., 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016). Similar to the law firm's practices in Lord and Cozart, the attorneys in this case billed excessive hours to review court orders and filing notifications. In petitioners' fee application, there are at least 28 entries, totaling nearly three hours, in which attorneys, and specifically Mr. Homer, billed time to review orders and notifications in this case and calendar deadlines. Undoubtedly, multiple attorneys reviewed the same orders and notifications and all billed time for doing so.

Petitioners' counsel also billed excessive time for intra-office communications, including case meetings and intra-office memoranda. For example, paralegals and law clerks billed time on numerous occasions for drafting memoranda to attorneys working on the case.[4] Additionally, on several occasions, attorneys at the firm billed time for reviewing memoranda from other attorneys, paralegals, and/or law clerks, and they also billed time for holding case meetings with each other.[5]

Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication. See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health &

---

4 See Pet. App., Tab A at 6, 7, 11-13, 15-20, 25.

5 See Pet. App., Tab A, regarding time entries on the following dates: July 9, 2015; October 9, 2015; October 24, 2015; August 18, 2017; August 22, 2017. This is not an exhaustive list of the duplicative billings in petitioner's fee application.

Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

For the reasons discussed above, the undersigned reduces petitioner's attorneys' fee award by five percent, or $1,111.05.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners' counsel requests $8,419.44 in attorneys' costs for expenses incurred by the firm. Pet. App. at 2. These costs include charges for photocopying, Fed Ex invoices, postage, payments for medical records, and expert fees for two neuro-ophthalmologists, Dr. Vivek Patel and Dr. Thomas Hedges. Pet. App., Tab B at 30-32.

Petitioners provided an invoice for the services of both Dr. Patel, who submitted an expert report in the case, and Dr. Hedges, who reviewed the case but was not retained as an expert witness. See Pet. App., Tab B at 32; Pet. App., Tab B at 9. Petitioners request a rate of $500.00 per hour for both experts, who are both well-qualified neuro-ophthalmologists. The undersigned finds these costs reasonable and will reimburse petitioner in full for them.

The undersigned finds all of petitioner's requested costs reasonable, with the exception of the $12.50 telephone charge for placing long distance calls. Pet. App., Tab B at 31. This service is considered an overhead office cost and is not compensable. See, e.g., Cain v. Sec'y of Health & Human Servs., No. 91-817V, 1992 WL 379932 (Fed. Cl. Spec. Mstr. 1992); Bourche v. Sec'y of Health & Human Servs., 2017 WL 2480936, note 5 (Fed. Cl. Spec. Mstr. May 11, 2017).

## II.     Conclusion

**Attorneys' Fees**:
| | |
|---|---|
| Amount requested: | $22,221.10 |
| Five percent reduction: | ($1,111.05) |
| Amount paid: | $21,110.05 |

**Costs**:
| | |
|---|---|
| Amount requested: | $8,419.44 |
| Phone Bill reduction: | ($12.50) |
| Amount awarded: | $8,406.94 |

**Petitioner's Costs**:
| | |
|---|---|
| Amount requested: | $400.00 |
| Amount awarded: | $400.00 |

Accordingly, the undersigned awards:

4

**$400.00 in the form of a check payable to petitioner, Mr. Robert Boyer, representing reimbursement for petitioner's out-of-pocket costs; and**

**$29,516.99 in the form of a check payable jointly to petitioner, Mr. Robert Boyer, and his counsel, Conway, Homer, P.C., representing reimbursement for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master